En el Tribunal Supremo de Puerto Rico

1

| In re: Reglas para la Administración del Tribunal de Primera Instancia | 99 TSPR 110 |
|---|---|

Número: ER-1999-0006

Fecha: 6/30/1999

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**



**In Re:**
**Reglas para la Administración del Tribunal de Primera Instancia**

RESOLUCIÓN

**San Juan, Puerto Rico, a 30 de junio de 1999.**

**Durante varios años, a través de distintos Comités, se han estado evaluando las Reglas para la Administración del Tribunal de Primera Instancia. Dicho esfuerzo redundó en la presentación para discusión de un proyecto de reglas durante la Conferencia Judicial del 28 de abril de 1998, preparado por el Comité de Revisión de Reglas del Tribunal de Primera Instancia. Pasada la Conferencia Judicial, el Comité revisó el proyecto tomando en consideración la discusión y las recomendaciones surgidas antes y durante la Conferencia.**

**El 4 de junio de 1999, durante la Sesión Especial de este Tribunal, consideramos el proyecto de reglas enmendado, así como las recomendaciones sobre el mismo.**

**En virtud de nuestro poder de adoptar reglas para la administración de los tribunales bajo la Sección 7 del Artículo V de la Constitución del Estado Libre Asociado de Puerto Rico, se aprueban las Reglas para la Administración del Tribunal de Primera Instancia que se unen a esta resolución. Estas reglas entrarán en vigor el 1 de septiembre de 1999 y derogan las Reglas anteriores aprobadas por el Tribunal el 28 de mayo de 1975.**

**Se ordena la publicación de la presente Resolución.**

**Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.**

**Isabel Llompart Zeno**
**Secretaria del Tribunal Supremo**

# Í N D I C E


PARTE I. DISPOSICIONES GENERALES

4

**Regla 1. Título; Autoridad para Adoptarlas**

Regla 2. Norma General de Interpretación

PARTE II. ADMINISTRACIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA

Regla 3. Dirección Administrativa

A. Dirección Administrativa Central

B. Jueces Coordinadores y Juezas Coordinadoras Especiales

Regla 4. Asuntos de Menores

A. Funcionamiento Administrativo

B. Juez Administrador o Jueza Administradora para Asuntos de Menores

C. Juez Administrador Auxiliar o Jueza Administradora Auxiliar para Asuntos de Menores

Regla 5. Consejo Asesor Judicial

**PARTE III. UNIDADES ADMINISTRATIVAS DEL TRIBUNAL DE PRIMERA INSTANCIA**

Regla 6. Unidades Administrativas

Regla 7. Región Judicial

A. Definición

B. Regiones Judiciales

C. Administración de la Región Judicial

1. Juez Administrador o Jueza Administradora de la Región Judicial

2. Juez Subadministrador o Jueza Subadministradora de la Región Judicial

3. Director Ejecutivo o Directora Ejecutiva Regional

4. Secretario o Secretaria Regional

5. Alguacil o Alguacila Regional

D. Reuniones Regionales

E. Reuniones Ejecutivas

Regla 8. Centro Judicial

A. Definición

B. Administración del Centro Judicial

1. Juez Administrador o Jueza Administradora

2. Jueces Coordinadores o Juezas Coordinadoras

Regla 9. Salas que no Constituyen Centros Judiciales

A. Definición

B. Administradores y Administradoras Auxiliares

Regla 10. Términos de Nombramiento

Regla 11. Informes sobre la Gestión Administrativa

A. Jueces Administradores o Juezas Administradoras de las Regiones Judiciales

**PARTE IV. FUNCIONAMIENTO INTERNO**

Regla 12. Sesiones; Días y Horas de Labor

Regla 13. Calendario Continuo de Casos Civiles

Regla 14. Calendario de Causas Criminales

A. Sección Superior

B. Subsección de Distrito

**PARTE V. PROCEDIMIENTOS RELATIVOS A LA LABOR JUDICIAL**

Regla 15. Consolidación en lo Civil

Regla 16. Traslados Administrativos de Casos cuando Empleados, Funcionarios o Jueces son Parte

Regla 17. Suspensiones y Transferencias de Vistas

Regla 18. Solicitud para Litigar in Forma Pauperis

Regla 19. Renuncia de Representación Legal

Regla 20. Requisitos de Forma de los Escritos

Regla 21. Firma de las Alegaciones, Mociones y otros Escritos

Regla 22. Vigencia de los mandamientos para efectuar arrestos

Regla 23. Desestimación y Archivo

**Regla 24. Resoluciones y Sentencias en Casos Civiles, Criminales y de Relaciones de Familia; Escritos al Expediente del Tribunal y Archivo en Autos de Copia de Notificaciones**

Regla 25. Relevos de Sala

Regla 26. Sumisión de Mociones de Reconsideración o de Determinación de Hechos Adicionales

al Juez o a la Jueza

Regla 27. Sistema de Ponderación de Casos

Regla 28. Transcripción de la Prueba; Consignación de Honorarios e Informes de los Taquígrafos

Regla 29. Listas Maestras de Jurados

Regla 30. Sorteo de Jurados

Regla 31. Peticiones de Secuestro

Regla 32. Expedientes Judiciales, Minutas y Registros

A. Expedientes Judiciales

B. Minutas

C. Registros

Regla 33. Reconstrucción de Expedientes Judiciales

Regla 34. Sello

Regla 35. Informes

Regla 36. Residencia

Regla 37. Licencias

Regla 38. Término de Sesiones

Regla 39. Funciones no Judiciales de la Judicatura

Regla 40. Deber de Informar de los Jueces y las Juezas

Regla 41. Delegación

Regla 42. Otros Asuntos

Regla 43. Disposiciones Supletorias

Regla 44. Obligatoriedad de las Reglas

Regla 45. Vigencia

Parte I. Disposiciones Generales

Regla 1. Título; Autoridad para Adoptarlas

Estas reglas se conocerán como Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico. Se adoptan de conformidad con la autoridad concedida al Tribunal Supremo por las disposiciones del Artículo V de la Constitución del Estado Libre Asociado de Puerto Rico, Ley Núm. 11 de 1 de julio de 1952, según enmendada, así como de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada.

Regla 2. Norma General de Interpretación

Estas reglas se interpretarán de forma tal que en la administración del sistema judicial se garantice en todo momento un servicio rápido y eficiente, y un trato equitativo y deferente a los ciudadanos y las ciudadanas, a los funcionarios y las funcionarias y al personal de los tribunales, de conformidad con la política pública de impedir todo discrimen por razón de género, edad, raza, color, nacimiento, origen o condición social, ideas políticas o religiosas, o inhabilidad o impedimento.

Parte II. Administración del Tribunal de Primera Instancia

Regla 3. Dirección Administrativa

A. **Dirección Administrativa Central**

La dirección administrativa central del Tribunal de Primera Instancia recae constitucionalmente en el Juez

Presidente o la Jueza Presidenta del Tribunal Supremo de Puerto Rico y, por delegación de éste o ésta, en el Director Administrativo o la Directora Administrativa de los Tribunales. Éste último o ésta última es responsable, bajo la dirección de aquél o de aquélla, de impartir liderato administrativo al sistema. Sus funciones principales son:

1. Desarrollar un sistema administrativo uniforme que sirva de apoyo y permita acelerar los procesos judiciales, incluyendo métodos alternos para la solución de conflictos, en el Tribunal de Primera Instancia.

2. Formular y hacer cumplir los procedimientos administrativos establecidos para asegurar uniformidad, continuidad y eficiencia en la prestación de servicios.

3. Solicitar y justificar los fondos públicos necesarios para el funcionamiento del sistema.

4. Servir como agente facilitador con respecto a los tribunales del país, proveyéndolos de los más adecuados recursos humanos, físicos y fiscales, conforme las posibilidades presupuestarias del sistema.

5. Desarrollar y mantener al día sistemas de información que sirvan de instrumento para la divulgación, planificación, dirección, operación y evaluación de la actividad judicial y administrativa.

6. Evaluar el impacto en el sistema de las medidas legislativas que puedan afectarlo.

7. Investigar quejas sobre la conducta impropia de funcionarios y funcionarias de la Rama Judicial conforme con el ordenamiento legal aplicable.

8. Representar legalmente a la Rama Judicial y a sus funcionarios y funcionarias en aquellos casos en que su representación no corresponda al Departamento de Justicia.

9. Hacer recomendaciones al Juez Presidente o a la Jueza Presidenta para mejorar el funcionamiento del sistema y para la asignación y traslado de jueces y juezas, conforme con la reglamentación vigente, y tomar las medidas que aquél o aquélla ordene con miras a lograr la mejor administración del tribunal.

### B. **Jueces Coordinadores y Juezas Coordinadoras Especiales**

Cuando lo estime necesario y por el tiempo que disponga, el Juez Presidente o la Jueza Presidenta podrá designar Jueces Coordinadores o Juezas Coordinadoras Especiales del Tribunal de Primera Instancia que coordinen ciertos asuntos especiales para toda la Isla, como podrían ser los asuntos de lo civil y de lo criminal, los asuntos de familia, de menores y otros. Dicha labor de coordinación general no debe interferir con las responsabilidades de los distintos niveles administrativos del sistema. Estos o éstas no ejercerán ningún tipo de

función administrativa que pueda interferir con las funciones asignadas a los Jueces Administradores y a las Juezas Administradoras de Regiones Judiciales, excepto por lo que expresamente se disponga por el Juez Presidente o la Jueza Presidenta en su orden de designación, y deberán coordinar con aquéllos o aquéllas respecto a cualquier asunto que pueda afectar el funcionamiento de las salas.

Regla 4. Asuntos de Menores

A. **Funcionamiento Administrativo**

1. Para fines administrativos, los Salones de Asuntos de Menores del Tribunal de Primera Instancia, se considerarán como una Región Judicial, bajo la dirección de una Jueza Administradora o a un Juez Administrador para Asuntos de Menores, asistido por una Jueza Administradora Auxiliar o un Juez Administrador Auxiliar para Asuntos de Menores en cada Región Judicial.

2. El Juez Presidente o la Jueza Presidenta o el Director Administrativo o la Directora Administrativa de los Tribunales proveerá el personal administrativo necesario en cada una de las Salas de Asuntos de Menores. Éstos funcionarios y empleados estarán bajo la supervisión directa del Juez Administrador o de la Jueza Administradora Auxiliar de la región judicial correspondiente.

3. El Director Administrativo o la Directora Administrativa de los Tribunales, previa recomendación del Juez Administrador o de la Jueza Administradora para Asuntos de Menores, nombrará un Director Ejecutivo o una Directora Ejecutiva para Asuntos de Menores quien tendrá, con respecto a los Asuntos de Menores del Tribunal de Primera Instancia, las mismas funciones y responsabilidades del Director Ejecutivo o Directora Ejecutiva, según señaladas en la Regla 7C.(3).

B. **Juez Administrador o Jueza Administradora para Asuntos de Menores**

1. El Juez Presidente o la Jueza Presidenta designará un Juez Administrador o una Jueza Administradora para Asuntos de Menores quien será responsable de la administración y del buen funcionamiento de los salones de asuntos de menores.

2. El Juez Administrador o la Jueza Administradora para Asuntos de Menores entenderá además en todos los asuntos bajo la Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como “Ley de Menores de Puerto Rico” y en todos aquellos asuntos que se le confiera jurisdicción mediante leyes especiales.

3. El Juez Administrador o la Jueza Administradora para Asuntos de Menores se desempeñará, además, como Juez Administrador Auxiliar o Jueza Administradora Auxiliar para Asuntos de Menores en la sala que se le designe.

4. El Juez Administrador o la Jueza Administradora para Asuntos de Menores, en coordinación con el Juez Administrador Auxiliar o la Jueza Administradora Auxiliar para Asuntos de Menores de cualquier región judicial,[10] podrá presidir vistas y realizar otras labores relativas a asuntos de su competencia; y podrá actuar como Juez Administrador Auxiliar o Jueza Administradora Auxiliar en cualquiera de dichos salones en caso de vacante, ausencia o incapacidad del juez o jueza asignado a la misma.

5. El Juez Administrador o la Jueza Administradora para Asuntos de Menores tendrá con respecto a los Asuntos de Menores del Tribunal de Primera Instancia las mismas funciones y responsabilidades del Juez Administrador o Jueza Administradora de la Región Judicial, según señaladas en la Regla 7(B)(1) de estas reglas; y desempeñará cualesquiera otras funciones que le asigne el Juez Presidente o la Jueza Presidenta y el Director Administrativo o la Directora Administrativa de los Tribunales.

C. **Juez Administrador Auxiliar o Jueza Administradora Auxiliar para Asuntos de Menores**

1. El Juez Presidente o la Jueza Presidenta designará un Juez Administrador Auxiliar o una Jueza Administradora Auxiliar para Asuntos de Menores en cada región judicial quien le será responsable y estará bajo la supervisión del Juez Administrador o de la Jueza Administradora para Asuntos de Menores, en todo lo que concierne a la administración del salón asignado.

2. El Juez Administrador Auxiliar o la Jueza Administradora Auxiliar para Asuntos de Menores será responsable de la distribución de trabajo y asignación de los asuntos a ser atendidos en aquellas regiones en que haya más de un juez o jueza asignado a asuntos de menores o cuando por necesidad de servicio se asigne un juez o una jueza para atender estos asuntos en salones donde regularmente sólo está el Juez Administrador Auxiliar o la Jueza Administradora Auxiliar para Asuntos de Menores.

3. El Juez Presidente o la Jueza Presidenta designará a uno de los Jueces Administradores Auxiliares o de las Juezas Administradoras Auxiliares de Asuntos de Menores como sustituto del Juez Administrador o de la Jueza Administradora para Asuntos de Menores para que le asista en sus funciones y ocupe el cargo durante la ausencia de éste o ésta.

## Regla 5. Consejo Asesor Judicial

A. Los Jueces Administradores o las Juezas Administradoras de la Región Judicial y el Juez Coordinador o la Jueza Coordinadora para Asuntos de Menores constituirán el Consejo Asesor Judicial, organismo de asesoramiento al Juez Presidente o a la Jueza Presidenta y al Director Administrativo o a la Directora Administrativa de los Tribunales sobre asuntos de administración judicial del sistema. También formará

parte del Consejo Asesor Judicial, la Jueza Administradora o el Juez Administrador del Tribunal de Circuito de Apelaciones.

B. El Consejo Asesor Judicial se reunirá con la frecuencia y periodicidad que el Juez Presidente o la Jueza Presidenta, o el Director Administrativo o la Directora Administrativa de los Tribunales determinen. A discreción suya, se podrá invitar a participar en las reuniones del Consejo Asesor Judicial a los Jueces Coordinadores o a las Juezas Coordinadoras Especiales y a cualesquiera otros jueces, juezas, funcionarios ejecutivos y funcionarias ejecutivas del sistema.

## Parte III. Unidades Administrativas del Tribunal de Primera Instancia

### Regla 6. Unidades Administrativas

Las unidades administrativas del Tribunal de Primera Instancia son las regiones judiciales. Los centros judiciales y las salas de dicho tribunal ubicadas fuera del centro judicial constituyen subunidades administrativas de la región judicial.

### Regla 7. Región Judicial

A. **Definición**

La región judicial es la unidad administrativa principal del Tribunal de Primera Instancia. Esta cubre una demarcación territorial según se dispone en el artículo 5.005 de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, y está constituida por un centro judicial, sede de la administración regional, y por otras salas del Tribunal de Primera Instancia.

B. **Regiones Judiciales**

Para fines administrativos, el Tribunal de Primera Instancia se divide en trece (13) regiones judiciales, cuyas cabeceras están ubicadas en los centros judiciales de Aguadilla, Aibonito, Arecibo, Bayamón, Caguas, Carolina, Fajardo, Guayama, Humacao, Mayagüez, Ponce, San Juan y Utuado. Cada región es supervisada en cuanto a las gestiones de naturaleza administrativa y en cuanto a la prestación de los servicios judiciales por un Juez Administrador o una Jueza Administradora de Región Judicial.

C. **Administración de la Región Judicial**

1. **Juez Administrador o Jueza Administradora de la Región Judicial**

El Juez Presidente o la Jueza Presidenta designará anualmente, de entre los Jueces y las Juezas Superiores, un Juez Administrador o una Jueza Administradora para cada región judicial, quien además de descargar fielmente su responsabilidad judicial, será responsable de la supervisión y buen funcionamiento de la

región y tendrá, entre otras, las siguientes funciones y responsabilidades:

a. Asegurarse de que la función judicial y administrativa en la región se rinda de manera expedita, imparcial y accesible al público; y promover el desempeño de la función judicial conforme los Cánones de Ética Judicial.

b. Implantar y velar por que se cumplan las normas, directrices y procedimientos administrativos establecidos por el Tribunal Supremo, por el Juez Presidente o la Jueza Presidenta, por el Director Administrativo o la Directora Administrativa de los Tribunales y aquellos otros dispuestos por ley.

c. Aprobar y hacer cumplir las órdenes administrativas que atiendan las necesidades particulares de la región judicial, que promuevan la mayor uniformidad administrativa en ésta y que sean conforme con las leyes, las normas o reglamentaciones aplicables.

d. Recomendar al Juez Presidente o a la Jueza Presidenta, o al Director Administrativo o a la Directora Administrativa de los Tribunales sistemas y procedimientos administrativos relativos a áreas susceptibles de reglamentación uniforme para todo el sistema que no hayan sido reglamentadas por estas Reglas, por el Juez Presidente o la Jueza Presidenta, o por la Oficina de Administración de los Tribunales.

e. Colaborar efectivamente con la Oficina de Administración de los Tribunales en el desarrollo y la implantación de proyectos y de toda medida administrativa que se adopte para cumplir los propósitos del sistema judicial. Toda observación o señalamiento relacionado con la implantación de tales proyectos y medidas será canalizado por conducto del Director Administrativo o de la Directora Administrativa de los Tribunales.

f. Desempeñar las funciones y responsabilidades que le sean delegadas por el Juez Presidente o la Jueza Presidenta, y por el Director Administrativo o la Directora Administrativa de los Tribunales.

g. Asesorar al Juez Presidente o a la Jueza Presidenta, y al Director Administrativo o a la Directora Administrativa de los Tribunales respecto a todo asunto dirigido a facilitar, acelerar y uniformar los sistemas y procedimientos administrativos en el Tribunal de Primera Instancia.

h. Rendir los informes periódicos requeridos por estas Reglas o que puedan serle requeridos por el Juez Presidente o la Jueza Presidenta, o por el Director Administrativo o la Directora Administrativa de los Tribunales.

i. Requerir de los Jueces Administradores Auxiliares y de las Juezas Administradoras Auxiliares de la Región y de cualesquiera otros jueces u otras juezas que le asistan en la administración de ésta, los informes

que estime pertinentes y necesarios para cumplir a cabalidad con la responsabilidad delegada.

j. Mantener una relación de trabajo efectiva con el Director Ejecutivo o la Directora Ejecutiva Regional, y colaborar con éste o con ésta en el cumplimiento de las responsabilidades administrativas.

k. Asegurar el buen funcionamiento de la Secretaría y de la Oficina del Alguacil, incluso la uniformidad en la aplicación de los sistemas y procedimientos diseñados para facilitar, y agilizar los trámites de los casos y la pronta disposición de los asuntos judiciales.

l. Visitar regularmente, mediante calendario previamente establecido, los tribunales de la región para detectar problemas y necesidades, e informarlos al Juez Presidente o la Jueza Presidenta en los Informes Semestrales.

m. Notificar al Director Administrativo o a la Directora Administrativa de los Tribunales, para la acción que corresponda, todo dictamen judicial que pueda tener efecto o impacto sobre cualquier asunto de política pública administrativa de la Rama Judicial.

n. Supervisar la utilización de los recursos humanos y fiscales asignados a la región de forma tal que se propenda a la mayor eficiencia del sistema.

o. Participar activamente en la preparación del plan de trabajo y en las metas y objetivos de la región para cada año fiscal, conforme con los recursos disponibles.

p. Asignar los diferentes salones de sesiones.

q. Asignar, distribuir y supervisar la administración de los asuntos judiciales entre los jueces y las juezas de la región y el calendario de trabajo diario; y adoptar las medidas administrativas internas necesarias para asegurar la efectividad y eficiencia de los procesos judiciales y agilizar el trámite de los casos y, en particular, la pronta disposición de los asuntos judiciales.

r. Asegurarse que cada juez y jueza en la región tenga una carga de trabajo razonable y equitativa, conforme con sus destrezas y capacidades.

s. Utilizar las estadísticas de manejo de casos para analizar la distribución de la carga de trabajo y la productividad de los jueces y las juezas.

t. Ofrecer información juiciosa sobre el desempeño judicial de los jueces y de las juezas de la región, cuando así se lo requiera la Comisión de Evaluación Judicial.

u. Orientar, mantener informados y gestionar la capacitación de jueces y juezas sobre todos los asuntos que les competen.

v. Recibir y orientar a cada una de las juezas y de los jueces nuevos asignados a la región, incluso entregar la Orden en la cual el Juez Presidente o la Jueza Presidenta lo designa a la región.

w. Reunir periódicamente, mediante calendario previamente establecido, al Consejo Regional de Jueces compuesto por todos los jueces y las juezas de las regiones y los componentes del sistema de justicia criminal.

x. Celebrar reuniones ejecutivas, mediante calendario previamente establecido, con los Jueces Administradores Auxiliares o las Juezas Administradoras Auxiliares y el personal gerencial directivo de la región.

y. Promover el desarrollo profesional de los jueces y las juezas de la región; gestionar con el Instituto de Estudios Judiciales oportunidades educativas necesarias; facilitar la participación en las actividades de educación judicial, en el estudio de las propuestas a considerarse en Conferencia Judicial y en los trabajos de los Comités Asesores del Tribunal Supremo.

2. **Juez Subadministrador o Jueza Subadministradora de la Región Judicial**

El Juez Presidente o la Jueza Presidenta, previa recomendación del Juez Administrador o de la Jueza Administradora de cada región, nombrará un Juez Subadministrador o una Jueza Subadministradora de la Región Judicial, quien sustituirá a aquél o aquélla durante su ausencia y le asistirá en sus funciones. En el caso de interinato, al término de éste, el Juez Subadministrador o la Jueza Subadministradora rendirá un informe escrito dirigido al Director Administrativo o a la Directora Administrativa de los Tribunales, con copia al Juez Administrador o a la Jueza Administradora de la Región Judicial correspondiente, con una relación de las determinaciones administrativas tomadas durante el período.

3. **Director Ejecutivo o Directora Ejecutiva Regional**

El Director Administrativo o la Directora Administrativa de los Tribunales, previa recomendación del Juez Administrador o de la Jueza Administradora de cada región, nombrará un Director Ejecutivo o una Directora Ejecutiva Regional, quien tendrá, entre otras, las siguientes funciones:

a) Colaborar con el Juez Administrador o la Jueza Administradora Regional asegurando el eficiente funcionamiento de las operaciones administrativas de la región judicial para que los jueces y las juezas puedan impartir justicia de forma económica y a tiempo.

b) Dirigir las operaciones administrativas de la Región Judicial, relativas a recursos humanos, administración del presupuesto, asuntos fiscales, sistemas de información, procedimientos, entre otros, conforme con las leyes, las normas y las reglas aplicables.

c) Velar por el cumplimiento estricto de las normas administrativas de la Oficina de Administración de los Tribunales y de la reglamentación aprobada por el Tribunal Supremo y por el Juez Presidente o la Jueza Presidenta del Tribunal Supremo.

d) Colaborar con el Juez Administrador o la Jueza Administradora de la Región Judicial en la preparación del plan de trabajo regional anual.

e) Preparar la petición presupuestaria regional y, aprobada ésta por el Juez Administrador o la Jueza Administradora de la Región Judicial, someterla a la Oficina de Administración de los Tribunales.

f) Proponer y participar en proyectos especiales de la Rama Judicial y facilitar la implantación en la región.

g) Representar la región judicial en asuntos administrativos en la Oficina de Administración de los Tribunales y ante otras regiones judiciales.

4. **Secretario o Secretaria Regional**

a. El Director Administrativo o la Directora Administrativa de los Tribunales, previa recomendación del Juez Administrador o de la Jueza Administradora de cada región, nombrará un Secretario o una Secretaria Regional, quien dirigirá la Secretaría del centro judicial y supervisará a los demás secretarios o secretarias de la región judicial. El Secretario o la Secretaria Regional no podrá realizar movimientos de personal entre las distintas Secretarías de la región correspondiente sin la autorización del Juez Administrador o de la Jueza Administradora de la Región Judicial.

b. El cese por retiro de confianza de dicho funcionario o dicha funcionaria no podrá darse sin la previa consulta y autorización del Director Administrativo o de la Directora Administrativa de los Tribunales.

5. **Alguacil o Alguacila Regional**

a. El Director Administrativo o la Directora Administrativa de los Tribunales, previa recomendación del Juez Administrador o de la Jueza Administradora de cada región, nombrará un Alguacil o una Alguacila Regional, quien dirigirá la Oficina del Alguacilazgo del centro judicial y supervisará a los alguaciles y a las alguacilas de la región judicial. El Alguacil o la Alguacila Regional no podrá realizar movimientos personal entre las distintas sedes del

Tribunal de Primera Instancia de la región correspondiente sin la autorización del Juez Administrador o de la Jueza Administradora de la Región Judicial.



b. El cese por retiro de confianza de dicho funcionario o dicha funcionaria no podrá darse sin la previa consulta y autorización del Director Administrativo o de la Directora Administrativa de los Tribunales.

D. **Reuniones Regionales**

1. Cada Juez Administrador o Jueza Administradora de la Región Judicial celebrará reuniones periódicas con todos los jueces y juezas integrantes de la región correspondiente, por lo menos una vez cada tres meses, a los fines de discutir los problemas y dificultades de naturaleza administrativa y coordinar e implantar aquellas medidas que propendan al mejoramiento y a la eficiencia del sistema. El Director Ejecutivo o la Directora Ejecutiva Regional actuará como secretario o secretaria de actas de dichas reuniones siempre que se le requiera por el Juez Administrador o la Jueza Administradora de la Región Judicial.

2. Cuando se discutan asuntos que así lo requieran, se podrá invitar al Secretario o a la Secretaria Regional y al Alguacil o a la Alguacila Regional a estas reuniones.

E. **Reuniones Ejecutivas**

Cuando así lo estime necesario, cada Juez Administrador o Jueza Administradora de la Región Judicial, celebrará reuniones a las que convocará al Juez Subadministrador o a la Jueza Subadministradora de la Región Judicial, a los Jueces Coordinadores y las Juezas Coordinadoras Regionales que pueda haber nombrado para asistirle en la administración de la región, a los Jueces Administradores Auxiliares y Juezas Administradoras Auxiliares del Tribunal de Primera Instancia de la región correspondiente, según se definen en la Regla 9 y, cuando ello sea necesario, a los funcionarios administrativos y las funcionarias administrativas que le responden directamente. Dichas reuniones cumplirán el propósito de discutir los problemas y dificultades administrativas que se confronten en la región judicial y coordinar e implantar aquellas medidas que conduzcan al mejoramiento y a la eficiencia del sistema. El Director Ejecutivo o la Directora Ejecutiva Regional actuará como secretario o secretaria de dichas reuniones siempre que se le requiera por el Juez Administrador o la Jueza Administradora de la Región Judicial.

Regla 8. Centro Judicial

A. **Definición**

El centro judicial es la subunidad administrativa principal de cada región judicial, sede de la dirección administrativa de ésta.



B. **Administración del Centro Judicial**

1. **Juez Administrador o Jueza Administradora**

El Juez Administrador o la Jueza Administradora de la Región Judicial será responsable de la supervisión y buen funcionamiento del centro judicial. Para ello contará con la asistencia del Juez Subadministrador o de la Jueza Subadministradora de la Región Judicial, quien le sustituirá en el caso de ausencia o vacaciones. Contará además, con el Director Ejecutivo o la Directora Ejecutiva Regional como parte de su equipo de trabajo para la administración de la región judicial.

2. **Jueces Coordinadores o Juezas Coordinadoras**

a. Los Jueces Administradores o las Juezas Administradoras de las Regiones Judiciales nombrarán, de entre los jueces y las juezas de cada centro judicial, los Jueces Coordinadores o las Juezas Coordinadoras de Asuntos Judiciales -civiles, criminales, relaciones de familia- o de aquellas áreas que sean necesarias para asistir en la administración de dicha subunidad administrativa. Estos y éstas le serán responsables al Juez Administrador o a la Jueza Administradora de la Región Judicial del buen funcionamiento del centro judicial en lo concerniente a su particular esfera de actividad.

b. Los Jueces Coordinadores o las Juezas Coordinadoras no ejercerán ningún tipo de función administrativa que pueda interferir con las funciones asignadas a los Jueces Administradores y a las Juezas Administradoras de las Regiones Judiciales, y deberán coordinar con éstos o éstas con respecto a cualquier asunto que pueda afectar el funcionamiento de las salas.

Regla 9. Salas que no Constituyen Centros Judiciales

A. **Definición**

Las Salas que no constituyen centros judiciales son las salas externas al centro judicial, según creadas por ley, ubicadas en los municipios que integran cada región judicial.

B. **Administradores y Administradoras Auxiliares**

1. En cada sala del Tribunal de Primera Instancia que no constituya un centro judicial y en la cual haya más de un juez o una jueza, el Juez Presidente o la Jueza Presidenta designará un Juez Administrador o una Jueza Administradora Auxiliar, quien le será responsable, por conducto del Juez Administrador o de la

Jueza Administradora de la Región Judicial, por la administración de dicha sala por el término por el cual sea designado o designada. Entre otras responsabilidades y por delegación del Juez Administrador o de la Jueza Administradora de la Región Judicial, tendrá a su cargo la distribución de los asuntos judiciales entre él o ella y demás jueces asignados o juezas asignadas a su sala.

2. Los Jueces Administradores o las Juezas Administradoras Auxiliares que presidan las salas que sean sedes de jueces o juezas superiores, o de distrito, mientras subsista la Subsección de Distrito del Tribunal de Primera Instancia, supervisarán los asuntos de administración judicial de las demás salas adscritas a su demarcación territorial y servirán de enlace entre éstas y el Juez Administrador o la Jueza Administradora de la Región Judicial.

3. Los Jueces Administradores Auxiliares y las Juezas Administradoras Auxiliares podrán aprobar órdenes administrativas que se refieran a necesidades particulares de sus respectivas salas que no sean susceptibles de reglamentación uniforme para toda la región judicial, las que tendrán vigencia una vez refrendadas por el Juez Administrador o la Jueza Administradora de la Región Judicial.

Regla 10. Términos de Nombramiento

A. Los Jueces Administradores y las Juezas Administradoras de las Regiones Judiciales y los Jueces Subadministradores y las Juezas Subadministradoras de las Regiones Judiciales serán designados o designadas por el término de un año, el cual comenzará el primero (1ro.) de julio y terminará el treinta (30) de junio de cada año. Al vencimiento de dicho término, los jueces y las juezas que ocupen el cargo continuarán en sus funciones hasta que sus sucesores o sucesoras se nombren y ocupen su puesto.

B. Los Jueces Administradores y las Juezas Administradoras Auxiliares de las salas que no constituyen centro judicial permanecerán en sus cargos, mientras no sean expresamente relevados o relevadas por el Juez Presidente o la Jueza Presidenta.

C. El Juez Presidente o la Jueza Presidenta podrá relevar de sus funciones administrativas a cualquier Juez Administrador o Jueza Administradora de la Región Judicial o a cualquier Juez Administrador Auxiliar o Jueza Administradora Auxiliar de la Región Judicial, cuyo término no haya vencido, a solicitud de éste o ésta o cuando, a juicio de aquél o aquélla, sea necesario.

Regla 11. Informes sobre la Gestión Administrativa

A. **Jueces Administradores o Juezas Administradoras de las Regiones Judiciales**

Los Jueces Administradores y las Juezas Administradoras de las Regiones Judiciales rendirán al Juez Presidente o a la Jueza Presidenta, por conducto del Director Administrativo o de la Directora Administrativa de los Tribunales, un informe escrito dando cuenta de su gestión como tales, durante los doce (12) meses anteriores a la fecha de presentación y del estado y progreso de las salas comprendidas en la región judicial correspondiente, incluyendo en particular la gestión como Jueces Administradores o Juezas Administradoras del centro judicial. Dicho informe deberá ser presentado dentro de un término de cuarenta y cinco (45) días contados a partir del primero (1ro.) de julio o del año correspondiente. Rendirán, además, cualquier otro informe que el Juez Presidente o la Jueza Presidenta, o el Director Administrativo o la Directora Administrativa de los Tribunales tengan a bien requerirles.

## Parte IV. Funcionamiento Interno

### Regla 12. Sesiones; Días y Horas de Labor

A. El Tribunal de Primera Instancia celebrará sesiones durante todo el año, de lunes a viernes, ambos inclusive, excepto los sábados, domingos, los días de fiesta legal y aquellos dispuestos por el Tribunal Supremo o por orden del Juez Presidente o de la Jueza Presidenta. En casos en que la naturaleza del asunto así lo requiera, podrán celebrarse en cualquier otro día por orden del Juez Administrador o de la Jueza Administradora correspondiente, con la autorización del Director Administrativo o la Directora Administrativa de los Tribunales.

B. Las horas regulares de sesión serán de 9:00 a.m. a 12:00 m. y de 2:00 p.m. a 5:00 p.m., a menos que el juez o la jueza que presida considere que deba prolongarlas por necesidades del servicio, lo que deberá ser coordinado con anticipación razonable con el Juez Administrador o la Jueza Administradora de la Región Judicial si fuese fuera de las horas regulares de sesión. Sólo cuando medien circunstancias especiales, las cuales se harán constar por orden del juez o de la jueza en las minutas de ese día, éste o ésta podrá acortar la duración de una sesión, aunque no haya terminado la labor asignada para el día, informando de ello inmediatamente al Juez Administrador o a la Jueza Administradora. Los jueces y las juezas, al igual que el resto del personal del sistema judicial, deben rendir servicio por un período no menor de treinta y siete horas y media (37 ½) semanales.

C. Cuando el juez o la jueza haya terminado la labor que se le haya asignado para el día y la labor de despacho en cámara, o cuando el estado de dicha labor lo permita, notificará de ello al Juez Administrador o a la Jueza Administradora, quien le asignará cualquier otro asunto que pueda ser atendido durante las horas de sesión.

D. Las horas de servicio de lunes a viernes de cada semana de todo el personal, así como de los jueces y las juezas del Tribunal de Primera Instancia, serán de 8:30

a.m. a 12:00 m. y de 1:00 p.m. a 5:00 p.m., a menos que las exigencias de dicha labor requieran horas adicionales, otros días o un horario especial. El Director Administrativo o la Directora Administrativa de los Tribunales, con la aprobación del Juez Presidente o de la Jueza Presidenta, podrá alterar este horario.

E. Las oficinas de Secretaría y del Alguacilazgo permanecerán abiertas todos los días durante las horas laborables, con excepción de los sábados, domingos, los días de fiesta legal y aquellos dispuestos por el Tribunal Supremo o por orden del Juez Presidente o de la Jueza Presidenta. Por orden especial del Juez Administrador o de la Jueza Administradora correspondiente, con la autorización del Director Administrativo o de la Directora Administrativa de los Tribunales, o por orden suya, con la aprobación del Juez Presidente o de la Jueza Presidenta, se podrá disponer que permanezcan abiertas cualquier sábado, domingo o día de fiesta legal.

F. El Juez Presidente o la Jueza Presidenta, cuando a su juicio las exigencias del servicio público lo requieran, podrá fijar otras horas de sesión, incluyendo sesiones nocturnas para fines especiales en cualquier día de la semana.

## Regla 13. Calendario Continuo de Casos Civiles

A. El señalamiento de toda vista conforme con el derecho aplicable es facultad exclusiva de los Jueces Administradores o de las Juezas Administradoras, o de los Jueces Administradores Auxiliares o de las Juezas Administradoras Auxiliares y, por delegación de éstos o éstas, del juez asignado o de la jueza asignada a cada salón de sesiones en lo que respecta a los casos bajo su responsabilidad. Conforme con lo antes indicado, se mantendrá un calendario permanente o continuo de todo caso asignado a cada salón de sesiones respecto al que se hayan completado las alegaciones. Se anotará en el calendario todo señalamiento para vista informal, conferencia con antelación al juicio, vista en su fondo o cualquier otra vista que deba celebrarse.

B. El secretario o la secretaria notificará el señalamiento a las partes con no menos de treinta (30) días de antelación a la fecha de la vista, excepto cuando el tribunal, por circunstancias excepcionales o mediante solicitud de parte, ordene su celebración en cualquier otro momento. En los recursos extraordinarios, desahucios y otros asuntos contenciosos cubiertos por leyes especiales, el señalamiento para juicio se hará de acuerdo con lo que dispongan dichas leyes.

## Regla 14. Calendario de Causas Criminales

A. **Sección Superior**

En cada sala de la Sección Superior del Tribunal de Primera Instancia se mantendrá un calendario permanente y

continuo de causas criminales, las que se señalarán para juicio conforme con el siguiente procedimiento:

1. Al presentarse la acusación en la Secretaría de la sala correspondiente, se señalará inmediatamente fecha para su lectura, excepto cuando la misma hubiese sido señalada en la vista preliminar. En el acto de lectura, si se solicitara término para alegar o se formulase alegación de no culpable, el juez o la jueza que presida señalará fecha para el juicio conforme con el plan de señalamiento que establezca el Juez Administrador o la Jueza Administradora. Cuando la fecha del juicio hubiese sido señalada por el juez de vista preliminar, el Juez Superior o la Jueza Superior a quien corresponda el caso ratificará el señalamiento de juicio para la fecha señalada. La persona acusada y su representación legal quedarán notificadas de la fecha de juicio en sesión abierta, lo que se hará constar en las minutas. Hasta donde sea posible, deberán evitarse conflictos con previos señalamientos de los o las representantes legales que luego puedan invocarse para suspender el juicio.

2. En los casos menos graves relacionados con casos graves, se señalará inmediatamente fecha para la lectura de acusación y se citará a la persona acusada para el juicio.

B. **Subsección de Distrito**

1. El Juez Administrador o la Jueza Administradora Auxiliar de cada sala de la Subsección de Distrito, mientras ésta subsista, preparará un calendario de juicios en el que incluirá todos los casos criminales y de tránsito tan pronto sean presentados. Por delegación del Juez Administrador o de la Jueza Administradora de la Región Judicial, el Juez Administrador o la Jueza Administradora Auxiliar de cada sala de la Subsección de Distrito preparará un calendario de vistas preliminares.

2. Al momento de la determinación de causa probable para arrestar o citar, o para acusar, se citará a la persona imputada, a testigos y a peritos o peritas, mediante el sistema de citación simultánea.

## Parte V. Procedimientos Relativos a la Labor Judicial

### Regla 15. Consolidación en lo Civil

A. En aquellos casos en que, al amparo de la Regla 38.1 de las de Procedimiento Civil, el tribunal ordene la consolidación de dos o más pleitos, la vista de éstos se celebrará ante el juez o la jueza que presida el salón de sesiones donde esté pendiente el caso de mayor antigüedad. No obstante, de así estipularlo las partes y mediar la anuencia del juez o de la jueza ante quien esté pendiente el caso de presentación más reciente, la vista podrá celebrarse en el salón de sesiones de éste o ésta.

B. Si la consolidación interesada fuese de casos presentados ante secciones distintas del Tribunal de Primera Instancia, la moción será atendida por la Sección Superior. De autorizarse la consolidación, los trámites judiciales deberán continuarse en la sala correspondiente de dicha sección. La consolidación debe autorizarla el juez o la jueza de la sala donde esté pendiente el caso de mayor antigüedad.

C. En todo caso, el Juez Administrador o la Jueza Administradora de la Región Judicial, como parte de sus funciones, podrá reasignar las causas de acción ya consolidadas, según sirva al mejor interés de la justicia.

D. Las normas antes señaladas serán igualmente aplicables cuando los casos que hayan de consolidarse procedan de salas distintas desde el punto de vista territorial.

E. Cuando se trate de la consolidación de casos de litigación compleja, serán de aplicación las reglas que a esos efectos apruebe el Tribunal Supremo.

## Regla 16. Traslados Administrativos de Casos cuando Empleados, Funcionarios o Jueces son Parte

A. Cuando cualquier empleado o empleada, funcionario o funcionaria, juez o jueza de una región judicial sea parte en litigios que se hayan presentado o que vayan a presentarse en la sala en que laboran, el Juez Administrador o la Jueza Administradora de la Región Judicial correspondiente, de concluir que es necesario para proteger la imagen de imparcialidad del sistema, trasladará el caso a otra sala o coordinará su traslado a la región judicial geográficamente más cercana con el Juez Administrador o la Jueza Administradora correspondiente. Una vez autorizado el traslado, se tomarán las medidas necesarias para que el asunto judicial sea atendido de manera expedita, según lo requieran las circunstancias particulares del caso.

B. De tratarse de un caso de naturaleza criminal, una vez tenga conocimiento de la situación el Juez Administrador o la Jueza Administradora de la Región Judicial, informará de ello al o a la Fiscal de Distrito y a la representación legal de la persona imputada.

## Regla 17. Suspensiones y Transferencias de Vistas

A. Cualquier solicitud de suspensión o transferencia de vista en casos criminales deberá presentarse, previa notificación a la otra parte, con por lo menos cinco (5) días de anterioridad al día señalado para la vista, excepto cuando medien circunstancias extraordinarias imprevisibles y fuera del control de las partes o de sus representantes legales.

B. Cualquier solicitud de suspensión o transferencia de vista en casos civiles, por conflicto de calendario, deberá presentarse, con notificación a la otra parte, dentro de los quince (15) días siguientes a la notificación del señalamiento. Cuando medien circunstancias extraordinarias imprevisibles y fuera del control de las partes o de sus representantes legales, deberá solicitarse la suspensión en un término razonable.

C. La parte que con anterioridad a la celebración de una vista presente una moción de suspensión, de transferencia de vista o de turno posterior, o una estipulación de suspensión, o que solicite verbalmente una suspensión el día de la vista, deberá someter junto con su solicitud no menos de tres (3) fechas disponibles para la celebración de aquélla, luego de asegurarse de que estén comprendidas dentro del período para el cual el salón de sesiones en cuestión esté señalando casos. Deberá certificar, además, que todas las partes tienen también disponibles esas fechas. Este señalamiento tendrá prioridad sobre otros. La parte promovente deberá presentar los aranceles de suspensión correspondientes, excepto cuando medie estipulación de suspensión, situación en la cual todas las partes cancelarán el arancel.

D. Todo juez y toda jueza que ordene la suspensión de una vista, bien sea en cámara o en corte abierta, deberá hacer de inmediato un nuevo señalamiento y disponer sobre la cancelación del arancel correspondiente. De mediar circunstancias que impidan tal acción, deberá consignarlo por escrito.

E. Si habiéndose denegado una solicitud de suspensión o prórroga se presentare una nueva, los fundamentos para ésta deberán haber surgido después de resuelta la primera, excepto que éstos no se hubieren podido descubrir oportunamente a pesar de haberse ejercido la debida diligencia.

## Regla 18. Solicitud para Litigar in Forma Pauperis

Cualquier parte en un pleito ante el Tribunal de Primera Instancia que de acuerdo con la ley tenga derecho a litigar *in forma pauperis*, podrá presentar ante la sección y sala correspondientes de dicho tribunal una solicitud para litigar en tal forma, junto con una declaración jurada, vaciada en el formulario oficial que estará disponible en la Secretaría del tribunal, en la que se afirme (1) la incapacidad de la parte solicitante para pagar los derechos y las costas o para prestar garantía por los mismos y (2) su convencimiento de que tiene derecho a un remedio. El tribunal, en el ejercicio de su discreción, podrá celebrar vista para la consideración de la solicitud. Si ésta fuere concedida, la parte podrá litigar sin el pago de derechos y costas. Si fuere denegada, el tribunal expondrá por escrito las razones para la denegatoria.

## Regla 19. Renuncia de Representación Legal

A. Cuando un abogado o una abogada que haya comparecido ante un tribunal en representación de un cliente o de una clienta desee renunciar a dicha representación, deberá incluir en la solicitud, que presente a esos fines, las  últimas direcciones residenciales y postales, tanto suyas como de la parte representada, y los números de teléfono correspondientes a cada cual; consignará que ha notificado a su cliente o a su clienta de su intención de renunciar a su representación; y dará cumplimiento a todo lo requerido por el Canon 20 de los de Ética Profesional.

B. El Secretario o la Secretaria notificará la resolución del tribunal de aceptación de renuncia, a las direcciones que sean suministradas por el abogado o la abogada y eliminará el nombre y la dirección del abogado o de la abogada renunciante del registro automatizado del caso.

## Regla 20. Requisitos de Forma de los Escritos

A. Todo escrito que sea presentado ante el tribunal por un abogado o una abogada deberá cumplir con los siguientes requisitos de forma:

1. El texto deberá estar mecanografiado o impreso en letras tamaño pica o mayor, o su equivalente, a doble espacio, excepto cuando se trate de citas o cuando por alguna otra razón especial deba ir en espacio sencillo. Deberá utilizarse papel tamaño legal (8 ½ x 14”), por un solo lado y con un margen izquierdo de una pulgada y tres octavos (1 3/8”). Si se utilizare un sistema electrónico de procesar palabras, el texto se imprimirá con letras íntegras.

2. Los documentos que formen parte de un apéndice deberán cumplir con la norma anterior, excepto que se permitirá presentar fotocopias de documentos originales a espacio sencillo siempre y cuando aquéllas sean claramente legibles y cumplan con los demás requisitos del subinciso 1.

3. Todo documento se presentará en original, excepto cuando se trate de formularios reproducidos en “off-set”, mimeógrafo o fotocopiadora, pero éstos deberán ser copias legibles.

4. No se aceptarán copias de carbón ni copias reproducidas mediante la impregnación del papel con sustancias químicas.

5. Todo escrito que se presente indicará el número del caso y, entre paréntesis, el número del salón de sesiones al que esté asignado.

B. Las normas anteriores no serán aplicables de manera estricta a personas que comparezcan ante el tribunal por derecho propio y no sean abogados o abogadas. En todo otro caso, el tribunal, previa solicitud al efecto y cuando ello se justifique, podrá dispensar el cumplimiento de los requisitos que establece esta Regla. No obstante, todo escrito que se presente debe ser razonablemente legible.

C. En caso de incumplimiento con lo aquí dispuesto, el tribunal tomará la medida correctiva apropiada de acuerdo con la situación.

D. Todos los requisitos dispuestos en esta regla podrán ser variados, según la tecnología permita establecer otro sistema para la presentación de documentos ante el tribunal.

Regla 21. Firma de las Alegaciones, Mociones y otros Escritos

A. Todas las alegaciones, mociones, y escritos de otra clase, de partes con representación legal serán firmados por lo menos por un abogado o una abogada de autos en su propio nombre, expresando su dirección física y postal, teléfono, número de facsímil, dirección electrónica (e-mail) y número de colegiado o colegiada. En el primer escrito que presente el abogado o la abogada, deberá notificar la dirección física y postal y el teléfono de la parte que representa. Cualquier cambio posterior con relación a estos datos deberá notificarlo con diligencia al tribunal. Las partes no representadas por abogado o abogada firmarán sus alegaciones, mociones y escritos de otra clase, con expresión de su dirección y teléfono. Los aranceles requeridos por ley serán cancelados.

B. En toda alegación inicial de cualquier parte, deberá indicarse el número de seguro social de la parte compareciente, ya sea por el abogado o la abogada o por la parte misma que se represente por derecho propio.

**Regla 22. Vigencia de los mandamientos para efectuar arrestos**

A. El mandamiento para efectuar arrestos tendrá vigencia de noventa (90) días a partir de su expedición por la Secretaría, al término de los cuales deberá ser diligenciado y devuelto a la Secretaría del tribunal de origen. Cuando del diligenciamiento surja razón por la cual el funcionario o la funcionaria no pudo efectuar el diligenciamiento de forma positiva en este período de tiempo, si la orden de arresto original estuviese vigente, la secretaria o el secretario expedirá nuevo mandamiento y lo dirigirá al funcionario o a la funcionaria en cuestión.

Regla 23. Desestimación y Archivo

A. El Juez Administrador o la Jueza Administradora y por delegación de éste o ésta, el juez o la jueza que presida cada salón de sesiones, velarán por el estricto cumplimiento de lo dispuesto en las Reglas 4.3 (b) y 39.2 (b) de las de Procedimiento Civil vigentes.

B. El Secretario o la Secretaria Regional traerá a la atención del Juez Administrador o de la Jueza Administradora correspondiente o del juez o de la jueza que presida un salón de sesiones, para la acción que

corresponda, el expediente de todo caso en que hayan transcurrido los términos dispuestos por dichas Reglas.

C. El Secretario o la Secretaria Regional procederá a archivar cualquier acción en que la parte demandante desista antes de la notificación por la parte adversa de la contestación o de una moción solicitando sentencia sumaria, salvo lo dispuesto en la Regla 20.5 de las de Procedimiento Civil, o al recibir una estipulación de desistimiento presentada por todas las partes que hayan comparecido al pleito.

## Regla 24. Resoluciones y Sentencias en Casos Civiles, Criminales y de Relaciones de Familia; Escritos al Expediente del Tribunal y Archivo en Autos de Copia de Notificaciones

A. Los casos contenciosos atendidos en sus méritos y las mociones de sentencia sumaria se resolverán dentro de los noventa (90) días a partir de la fecha en que queden sometidos para adjudicación. Toda otra moción, los casos en rebeldía y otros asuntos judiciales, serán resueltos dentro de quince (15) días contados a partir de la fecha en que el asunto quede sometido al tribunal. No obstante, uno y otro término podrán extenderse, razonablemente, cuando la naturaleza del asunto o alguna causa extraordinaria lo hagan necesario.

B. El Secretario o la Secretaria de Servicios a Sala certificará, en un informe mensual que se preparará a esos efectos, la fecha en que concluyan la presentación de prueba y los informes de rigor en los juicios y vistas en casos civiles atendidos en el salón de sesiones en que prestó servicios. El informe será remitido a la Oficina del Juez Administrador o de la Jueza Administradora de la Región Judicial dentro de los primeros cinco (5) días del mes próximo al certificado.

C. El tribunal deberá emitir el fallo en casos criminales una vez sometido el caso o incidente conforme lo dispuesto en las Reglas 6, 23 y 160 de las Reglas de Procedimiento Criminal, en la resolución de vistas preliminares y en alzada, en las determinaciones de causa probable para arresto o citación, salvo que medien circunstancias excepcionales. Las mociones de supresión de evidencia o las de desestimación del caso en asuntos civiles y criminales deberán resolverse dentro de los diez (10) días de haberse presentado las argumentaciones orales o los escritos finales.

D. Las partes podrán hacer constar en autos cualquier asunto relativo al trámite judicial en el que no sea requerida la atención del juez o de la jueza en esa etapa procesal, siempre que tales escritos se notifiquen conforme con la Regla 67 de las Reglas de Procedimiento Civil y sean dirigidos “Al Expediente Judicial”. La Secretaria o el Secretario le dará a tales escritos igual trato que a las mociones salvo que, luego de unidos en los autos, no serán remitidos al despacho ante la consideración de la sala. El tribunal podrá tomar conocimiento de su contenido y fecha fehaciente de presentación en cualquier etapa posterior.

E. El Secretario o la Secretaria deberá archivar en autos copia de las sentencias, órdenes o resoluciones y de la constancia de la notificación simultánea de las mismas a todas las  partes dentro de un término no mayor de diez (10) días laborables de haberse recibido en Secretaría dichas sentencias, órdenes o resoluciones. El mismo día del archivo en autos de éstas, el secretario o la secretaria deberá depositar en el correo dicha notificación.

F. El Secretario o la Secretaria, en los casos dispuestos por la Regla 45.2 de las Reglas de Procedimiento Civil, procederá a dictar sentencia en rebeldía sin trasladar el expediente al despacho del juez o de la jueza al que el caso había sido asignado.

Regla 25. Relevos de Sala

A. Los relevos de sala no se favorecen. Los Jueces Administradores y las Juezas Administradoras de Región Judicial podrán autorizarlos a los fines de resolver situaciones de urgencia cuya atención no pueda ser diferida, siempre que no excedan de cinco (5) días. De requerir dicho relevo una extensión mayor, la misma podrá ser autorizada por el Director Administrativo o la Directora Administrativa de los Tribunales con la aprobación del Juez Presidente o de la Jueza Presidenta.

B. Cuando reste menos de noventa (90) días para concluir la vigencia de un nombramiento judicial, el juez o la jueza que esté en esa situación notificará al Juez Administrador o a la Jueza Administradora de la Región Judicial y al Director Administrativo o a la Directora Administrativa de los Tribunales una relación de casos sometidos y un plan de trabajo para viabilizar la atención de estos asuntos durante el término que le resta de su nombramiento.

C. El plan de trabajo puede incluir una petición de relevo de sala por un máximo de treinta (30) días laborables.

Regla 26. Sumisión de Mociones de Reconsideración o de Determinación de Hechos Adicionales al Juez o a la Jueza

Cuando se presente una moción de reconsideración de una sentencia, orden o resolución, o un mandato, sentencia u orden del Tribunal de Circuito de Apelaciones o del Tribunal Supremo que afecte una sentencia, orden o resolución del foro de instancia, o una Moción de Determinación de Hechos Adicionales, el secretario o la secretaria deberá dar cuenta de la misma al juez o a la jueza que la hubiere dictado, o que hubiere sustituido a quien la dictó, o, en su defecto, al Juez Administrador o a la Jueza Administradora, a más tardar dentro de dos (2) días laborables contados a partir de su presentación.

Regla 27. Sistema de Ponderación de Casos

A. La Oficina de Administración de los Tribunales implantará un sistema de ponderación de casos que incluya el desarrollo de estándares de tiempo deseables para la conclusión del proceso judicial. Los estándares corresponderán al tiempo razonable que deban tomar los distintos tipos de litigios, agrupados por categorías.



B. El sistema permitirá evaluar adecuadamente el desempeño de la función adjudicativa en el Tribunal de Primera Instancia, en general y en las distintas dependencias de éste, como también a cada juez o jueza individualmente. Esto propiciará una más adecuada distribución de la carga de trabajo judicial y será una valiosa fuente de información.

## Regla 28. Transcripción de la Prueba; Consignación de Honorarios e Informes de los Taquígrafos

A. La transcripción de la prueba o la regrabación de los procedimientos para propósitos de revisión o apelación solamente podrá ser autorizada por el Tribunal Supremo o por el Tribunal de Circuito de Apelaciones conforme con lo dispuesto en sus respectivos Reglamentos.

B. Autorizada la transcripción, su proponente deberá solicitar al Tribunal de Primera Instancia la regrabación de los procedimientos. Presentada ante el Tribunal de Primera Instancia dicha solicitud, la Secretaría del tribunal la asignará, de manera automática, a la sala del Juez Administrador o de la Jueza Administradora de la Región Judicial. De igual forma, la Secretaría del Tribunal remitirá a dicho funcionario o a dicha funcionaria cualquier solicitud de grabación, regrabación o para escuchar grabación.

C. La orden del Juez Administrador o de la Jueza Administradora para la transcripción o regrabación de la prueba, será notificada al Supervisor o a la Supervisora de la División de Secretarios y Secretarias de Servicios a Sala y al Secretario o a la Secretaria Regional. Este o esta, a su vez, la notificará al transcriptor o a la transcriptora correspondiente, dentro del término de cinco (5) días laborables a partir de la fecha de su expedición, indicándole la fecha de la vista o vistas que se interesa transcribir o regrabar. Dentro del término de diez (10) días a partir de la fecha en que sea notificado o notificada la orden de transcripción o de regrabación, el transcriptor o la transcriptora presentará en la Secretaría del Tribunal una notificación en la que hará constar los derechos correspondientes, de la cual enviará copia al abogado o a la abogada de récord de la parte apelante o recurrente o a la parte misma si estuviese recurriendo por derecho propio.

D. La parte apelante o recurrente consignará los derechos correspondientes dentro de quince (15) días de haberse notificado los mismos. No se prorrogará el término para la consignación, salvo que exista causa extraordinaria que lo justifique, disponiéndose que la moción a tales efectos deberá presentarse dentro de

dichos quince (15) días y la prórroga a concederse no excederá de otros diez (10) días.

E. Cuando la parte apelante no esté conforme con el monto de los derechos, deberá presentar una moción fundamentada dentro de los primeros diez (10) días. Vencido el término sin que se haya efectuado la consignación de los derechos correspondientes, el secretario o la secretaria, en los casos dispuestos por los Reglamentos del Tribunal de Circuito de Apelaciones y del Tribunal Supremo, deberá remitir inmediatamente los autos al foro correspondiente.

F. Cuando hubiere más de una apelación o más de un recurso de revisión en un mismo caso, según lo provisto en la Regla 54.9 de las de Procedimiento Civil, o en la Regla 207 de las de Procedimiento Criminal, los derechos correspondientes se pagarán por cada parte apelante o recurrente en proporción a la prueba que se designe para perfeccionar su apelación o recurso de certiorari. La falta de consignación oportuna de dichos derechos, según lo anteriormente expresado, dará lugar a la aplicación de las sanciones que dispone la Regla 53.1 (e) de las de Procedimiento Civil o la Regla 212 de las de Procedimiento Criminal.

G. La transcripción o regrabación de la prueba oral se limitará a los testimonios, objeciones de las partes y expresiones del tribunal producidos durante la presentación de pruebas. Quedarán excluidos de la misma los informes, los argumentos de las partes, las instrucciones al jurado y las objeciones a éstas, el acto de dictar sentencia y cualquier vista celebrada con posterioridad al fallo de culpabilidad, a menos que la parte interesada los designe y solicite y éstos le sean autorizados por el Tribunal Supremo o el Tribunal de Circuito de Apelaciones como materia relevante al recurso.

H. En todos los casos civiles y criminales se notificará al Supervisor o a la Supervisora de la División de Secretarios y Secretarias de Servicios a Sala la consignación de los derechos dentro de dos (2) días laborables y dicho funcionario o dicha funcionaria dará instrucciones al transcriptor o a la transcriptora para que prepare y presente la transcripción de la prueba solicitada para fines de apelación, según el orden de consignación de los derechos fijados por el tribunal. En aquellos casos en que se ordenare preparar gratuitamente la transcripción, el turno de preparación y presentación se fijará tomando como base la fecha en que se hubiere dictado la orden correspondiente. No obstante lo antes dispuesto, el Juez Administrador o la Jueza Administradora, luego de consultar con el juez o la jueza que conoció el caso, podrá ordenar que se prepare y presente la transcripción de la prueba fuera de turno cuando medien circunstancias especiales, notificando de ello al Tribunal Supremo o al Tribunal de Circuito de Apelaciones, según sea el caso.

I. La transcripción o regrabación ordenada para fines de apelación se presentará dentro de sesenta (60) días a partir de la fecha en que el secretario o la

secretaria le notifique la consignación de los derechos o la orden del tribunal para que se prepare gratuitamente la transcripción o regrabación. En caso de que el transcriptor o la transcriptora no pudiere presentar la transcripción o regrabación de la prueba dentro de dicho término, lo justificará de inmediato y por escrito al Juez Administrador o a la Jueza Administradora.

J. El Juez Administrador o la Jueza Administradora sólo podrá prorrogar el término anteriormente establecido cuando medien circunstancias extraordinarias imprevisibles, debiendo notificar al Director Administrativo o a la Directora Administrativa de los Tribunales con copia de su orden fundamentada y notificando de ello al Tribunal Supremo y al Tribunal de Circuito de Apelaciones.

K. El Juez Administrador o la Jueza Administradora tendrá autoridad para ordenar la transcripción de prueba o regrabación, con o sin el pago de arancel, para funciones administrativas y protocolarias, o cuando el interés público así lo requiera.

L. El Juez Presidente o la Jueza Presidenta, con el asesoramiento del Director Administrativo o la Directora Administrativa de los Tribunales, fijará las reglas y los aranceles aplicables a las transcripciones de la prueba y a la regrabación o duplicación electrónica de la cinta que corresponda.

M. La División de Cuentas realizará un informe de consignaciones por regrabaciones y de honorarios de transcripción.

## Regla 29. Listas Maestras de Jurados

El Director Administrativo o la Directora Administrativa de los Tribunales, o la persona en quien aquél o aquélla delegue, compilará y mantendrá al día listas maestras de jurados para cada una de las regiones judiciales. En la preparación de dichas listas maestras de jurados se utilizarán cualesquiera listas oficiales del Estado Libre Asociado de Puerto Rico, sus corporaciones, instrumentalidades y agencias que por razón de su naturaleza reflejen y contengan nombres de ciudadanas y ciudadanos representativos de todos los sectores de la comunidad.

## Regla 30. Sorteo de Jurados

Sin necesidad de que esté presente el panel general de jurados, el juez o la jueza de la sala criminal correspondiente convocará la presencia de la persona acusada, de su representante legal y del ministerio público para efectuar el sorteo de los paneles de jurados potenciales a utilizarse en el juicio. Este sorteo se llevará a cabo con una anticipación mínima de dos (2) días laborables antes del comienzo de la vista. No podrán sortearse paneles de jurados para juicios cuyo comienzo esté pautado para más de cinco (5) días con posterioridad al sorteo.

Regla 31. Peticiones de Secuestro

Las peticiones de secuestro[31] del panel de jurados, salvo circunstancias excepcionales, se presentarán antes de comenzar el desfile de la prueba. Éstas serán asignadas, de manera automática, al Salón de Sesiones del Juez Administrador o de la Jueza Administradora de la Región Judicial o, por delegación de éste o de ésta, a la sala del Juez Coordinador o de la Jueza Coordinadora a cargo de lo criminal, quien, basándose en las normas jurisprudenciales emitirá una Resolución y devolverá el caso al Salón de Sesiones de origen para la continuación de los procedimientos. Cuando la petición de secuestro se presente durante el juicio, la misma será atendida por el juez o la jueza que preside. Al emitirse la Resolución, se fundamentarán las razones en que descansa la concesión o la negativa, así como las medidas cautelares que hay que tomar para garantizar los derechos de la persona acusada y del pueblo de Puerto Rico.

Regla 32. Expedientes Judiciales, Minutas y Registros

**A. Expedientes Judiciales**

1. Los expedientes judiciales son públicos. Se conservarán bajo la custodia del secretario o de la secretaria y no podrán ser sacados del tribunal si no es por orden escrita del Juez Administrador o de la Jueza Administradora de la Región Judicial. Esta orden escrita dispondrá el período concedido para la devolución del expediente a la Secretaría y será notificada a la secretaria o al secretario del tribunal.

2. Los expedientes judiciales permanecerán en la Secretaría excepto para uso durante un incidente procesal judicial o para el uso del juez o de la jueza en su despacho o del Juez Administrador o de la Jueza Administradora de la Región Judicial.

3. El secretario o la secretaria informará al Juez Administrador o a la Jueza Administradora de la Región de la retención en despacho de cualquier expediente por más de quince (15) días y requerirá su devolución al área de Secretaría.

4. Los jueces y las juezas mantendrán en su despacho copia de la autorización escrita del Juez Administrador o de la Jueza Administradora de la Región Judicial para sacar del tribunal expedientes para fines oficiales. En la alternativa podrán llevar un registro sobre este asunto.

5. El secretario o la secretaria garantizará la confidencialidad de todo expediente o parte de éste, cuando la ley u orden judicial así lo requiera.

6. Esta regla aplica a toda forma de recoger lo acontecido en las vistas en los salones de sesiones, sea por grabación digital, cinta magnetofónica o videomagnetofónica, taquigrafía, o estenotipia.

7. Cuando la grabación fuere tomada por un funcionario o una funcionaria del tribunal, éste o ésta tendrá la custodia de la misma hasta que la una al expediente judicial. Cuando la grabación haya sido tomada por una persona autorizada a ello por el tribunal, pero no fuere empleada del tribunal, ésta deberá ponerla dentro de un sobre debidamente identificado, sellado y firmado por la representación legal de las partes. Salvo estipulación en contrario, la representación legal de la parte que haya solicitado la grabación será responsable de presentarla en la Secretaría del tribunal el próximo día laborable.

**B. Minutas**

1. La minuta será el registro oficial de las incidencias más importantes ocurridas durante las vistas judiciales en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los Tribunales. Luego de su aprobación por el juez o la jueza, el original de la minuta se unirá al expediente judicial.

**2.** La Secretaria o el Secretario de Servicios a Sala preparará la minuta en la que se hará constar la fecha, las partes y su representación legal, cuando la hubiera, el número de identificación del expediente, una breve reseña de los procedimientos habidos o asuntos atendidos en la vista, los planteamientos de las partes y las determinaciones del juez o de la jueza, una relación de las personas que testificaron, y una relación de la prueba documental presentada con indicación de si fue admitida o no.

**C. Registros**

1. Será deber ministerial del Secretario o de la Secretaria del Tribunal mantener en forma electrónica, o manual si ésta no estuviere disponible, según lo requiere el Director Administrativo o la Directora Administrativa de los Tribunales, la información que permita conocer el estado procesal del caso y la localización del expediente judicial en todo momento.

2. El Secretario o la Secretaria del Tribunal mantendrá aquellos registros que requiera la ley y los que determine el Director Administrativo o la Directora Administrativa de los Tribunales con la aprobación del Juez Presidente o de la Jueza Presidenta.

3. El secretario o la secretaria mantendrá un registro de la siguiente información:

a) todos los documentos presentados para atención judicial,

b) todas las órdenes, mandamientos, resoluciones y sentencias dictadas por el tribunal,

c) todos los documentos expedidos bajo la responsabilidad ministerial del secretario o de la

secretaria del tribunal, incluso las sentencias dictadas en rebeldía conforme disponen las reglas procesales, y

d) todas las incidencias procesales del caso.

4. El Director Administrativo o la Directora Administrativa de los Tribunales con la aprobación del Juez Presidente o la Jueza Presidenta del Tribunal Supremo, podrá requerir el registro de toda aquella información o asunto que propenda a una eficiente administración de la justicia.

5. Los registros que se llevan actualmente de forma manual, podrán ser sustituidos por registros electrónicos conforme la tecnología lo permita.

6. Todos los registros que se llevan actualmente excepto el Registro de Tutela e Incapacidad o aquellos que cuentan con una fecha específica para su destrucción, podrán ser decomisados y destruidos luego de transcurridos diez (10) años de su incepción o a partir de la fecha de su último folio.

Regla 33. Reconstrucción de Expedientes Judiciales

A. Cuando se extraviare o destruyere uno o varios documentos pertenecientes a un expediente, o la totalidad del expediente mismo, el secretario o la secretaria deberá notificar al Juez Administrador o a la Jueza Administradora dentro de las veinticuatro (24) horas siguientes al momento en que tuviere conocimiento de dicha pérdida. El Juez Administrador o la Jueza Administradora deberá tomar las medidas necesarias para localizar el documento o expediente; disponiéndose que si en el transcurso de las siguientes cuarentiocho (48) horas ello no fuere posible, se procederá a citar a las partes para una vista a celebrarse no más tarde de veinte (20) días contados a partir de expiradas las cuarentiocho (48) horas, con el fin de sustituir los documentos perdidos o de reconstruir todo el expediente, según fuere el caso. La vista se celebrará ante el juez o la jueza de la sala que tenga asignado el caso, o en su defecto, ante el Juez Administrador o la Jueza Administradora.

B. En caso de que el expediente extraviado o destruido fuese inactivo y se hubiese trasladado al Archivo Central de la Rama Judicial conforme con lo dispuesto en las Reglas para la Administración del Programa de Conservación y Disposición de Documentos de la Rama Judicial, el Director o la Directora de dicho programa hará un informe al Director Administrativo o a la Directora Administrativa de los Tribunales, quien certificará dicha pérdida. De ser necesario, la sala original correspondiente, deberá tomar las medidas necesarias para sustituir los documentos perdidos o reconstruir todo el expediente, según fuere el caso, siguiendo en lo posible el anterior procedimiento y teniendo presente las disposiciones contenidas en las Reglas para la Administración de Programas de Conservación y Disposición de Documentos de la Rama Judicial.

C. En tal gestión de reconstrucción del expediente oficial, respecto a los escritos de las partes y a las órdenes, resoluciones y sentencias, el tribunal utilizará como guía principal todos los asientos correspondientes a la causa de que se trate, según consten de los registros que en Secretaría se mantienen de los pleitos y procedimientos judiciales. Cuando se tratare de un expediente judicial todavía inconcluso, por no haberse dictado sentencia, o cuando ésta no fuere final ni firme (Reglas 53 y 49.2 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III), o cuando un tribunal de mayor jerarquía hubiere expedido un auto de certiorari para entender en su revisión, y en tales circunstancias fuere necesaria la reproducción de alguna pieza de prueba o de toda la prueba admitida, se utilizará en cuanto a dicho expediente judicial inconcluso, los registros que en Secretaría se mantienen de los pleitos y procedimientos judiciales.

D. En caso de que: (1) no se pueda obtener copia de algún documento del cual conste asiento en los registros que se mantienen de los pleitos y procedimientos judiciales, (2) no se pueda obtener copia o reproducir alguna pieza de prueba de la cual conste su admisión en alguna minuta, o de que (3) durante el procedimiento de reconstrucción del expediente se presente y avale como legítimo, en forma preponderante, algún documento (escrito de las partes; órdenes, resoluciones y sentencias del tribunal; o prueba admitida) que a su vez carezca de asiento correspondiente en los registros que se mantienen de los pleitos y procedimientos judiciales, ello se hará constar así por el juez o la jueza a cargo del procedimiento, en la resolución acreditativa del trámite.

## Regla 34. Sello

A. El sello del Tribunal de Primera Instancia de Puerto Rico será igual al adoptado para el Tribunal Supremo, sustituyéndose las palabras Tribunal Supremo por Tribunal de Primera Instancia, Sección Superior o Municipal o Subsección de Distrito, según sea el caso, y agregándose el nombre de la respectiva sala.

B. El secretario o la secretaria tendrá bajo su control el sello del tribunal, el cual estará debidamente numerado, y lo entregará al personal de la Secretaría asignado a las labores de certificación y a aquellas otras que requieran su impresión. El sello no podrá ser sacado del área de Secretaría, por lo que todo documento expedido bajo el sello del tribunal deberá tramitarse a través de ésta. El secretario o la secretaria será el o la custodio del sello del tribunal.

## Regla 35. Informes

A. Los jueces y las juezas del Tribunal de Primera Instancia rendirán a sus Jueces Administradores o Juezas Administradoras cualquier informe que les sea requerido relativo al desempeño de sus funciones.

B. El Secretario o la Secretaria Regional y el Alguacil o la Alguacila Regional del Tribunal de Primera Instancia rendirán mensualmente a sus Jueces Administradores o Juezas Administradoras de la Región Judicial correspondientes un informe de la labor diaria realizada durante el mes anterior, en las respectivas salas de la región.

Regla 36. Residencia

A. Todo juez y toda jueza de la Sección Superior del Tribunal de Primera Instancia asignado o asignada para actuar regularmente en una Sala deberá residir en cualquier municipio que sea parte de la región judicial a la cual se le asigne.

B. Todo juez y toda jueza de la Subsección de Distrito y de la Sección Municipal del Tribunal de Primera Instancia residirá en el municipio al cual se le asigne ejercer sus funciones regularmente.

C. Cuando a juicio del Juez Presidente o de la Jueza Presidenta, o del Director Administrativo o la Directora Administrativa de los Tribunales, si en éste o ésta se delegare dicha autoridad, mediaren circunstancias extraordinarias o motivo justificado, se podrá dispensar a un juez o a una jueza del requisito de residencia por el tiempo y bajo aquellas condiciones que se consideren razonables. En la concesión de una dispensa se tomarán en consideración factores tales como la distancia y las facilidades de acceso por las vías públicas, siendo factor determinante que no se cause perjuicio o se menoscabe la eficiente administración de la justicia.

D. Todo juez y toda jueza del Tribunal de Primera Instancia deberá tener fijada su residencia, según antes dispuesto, e informará por escrito su dirección al Director Administrativo o a la Directora Administrativa de los Tribunales y al Juez Administrador o a la Jueza Administradora de la Región Judicial correspondiente dentro de un término de treinta (30) días a partir de la fecha en que entren en vigor estas Reglas. En lo sucesivo, y de ocurrir un cambio de residencia, notificará la nueva dirección a los mismos funcionarios y funcionarias antes identificados o identificadas dentro del mismo término antes dispuesto, contado a partir de la fecha del cambio.

Regla 37. Licencias

A. Anualmente el Director Administrativo o la Directora Administrativa de los Tribunales aprobará los programas de vacaciones para los jueces y las juezas de acuerdo con las necesidades del servicio, y considerando los programas presentados por los Jueces Administradores o las Juezas Administradoras de las Regiones Judiciales.

B. Al comienzo de cada año natural, los Jueces Administradores y las Juezas Administradoras de las distintas salas determinarán las fechas en que los demás funcionarios o funcionarias y empleados o empleadas de su

sala podrán disfrutar de sus vacaciones anuales dentro del transcurso del año en forma más compatible con las necesidades del servicio, y someterán un plan de vacaciones al Juez Administrador o a la Jueza Administradora de la Región Judicial.

C. Todos los demás aspectos relativos a las licencias por vacaciones y por enfermedad de los jueces y las juezas y demás funcionarios o funcionarias y empleados o empleadas del Tribunal de Primera Instancia se regirán por las Reglas de Administración del Sistema de Personal de la Rama Judicial del Estado Libre Asociado de Puerto Rico y por el Reglamento de la Administración del Sistema de Personal de la Rama Judicial del Estado Libre Asociado de Puerto Rico, aprobado el 30 de agosto de 1974, según enmendado.

## Regla 38. Término de Sesiones

A. El Tribunal de Primera Instancia celebrará sesiones durante todo el año de acuerdo con el calendario continuo.

B. El Juez Administrador o la Jueza Administradora de la Región Judicial correspondiente tomará las medidas administrativas necesarias para que jueces o juezas, funcionarios o funcionarias y empleados o empleadas disfruten de sus vacaciones regulares sin que se menoscabe el servicio judicial.

## Regla 39. Funciones no Judiciales de la Judicatura

El Juez Presidente o la Jueza Presidenta dispondrá las normas que regirán todos los aspectos de las funciones no judiciales señaladas por ley a los jueces y a las juezas.

## Regla 40. Deber de Informar de los Jueces y las Juezas

A. Todo juez y toda jueza del Tribunal de Primera Instancia que emita un dictamen judicial que pueda tener efecto o impacto en cualquier asunto de política administrativa de la Rama Judicial deberá informar de ello, por los canales apropiados, al Juez Administrador o a la Jueza Administradora de la Región Judicial correspondiente.

B. El Juez Administrador o la Jueza Administradora, a su vez, deberá informar de inmediato al Director Administrativo o a la Directora Administrativa de los Tribunales.

## Regla 41. Delegación

A. El Juez Presidente o la Jueza Presidenta podrá delegar en el Director Administrativo o la Directora Administrativa de los Tribunales cualesquiera de las

facultades o deberes que en el ejercicio de su función administrativa le señalen estas reglas.

B. Los Jueces Administradores y las Juezas Administradoras de las  Regiones Judiciales y de sala podrán delegar en uno o más de los jueces o de las juezas de la región o sala correspondiente, cualesquiera de sus facultades y deberes, excepto los que por su naturaleza no sean delegables.

Regla 42. Otros Asuntos

A. En lo que respecta a la designación de abogados y abogadas de oficio a personas indigentes; los procedimientos para acciones disciplinarias para los jueces y las juezas; y otros asuntos no cubiertos por estas reglas, los mismos se regirán por los reglamentos o las reglas que a esos efectos, haya aprobado o apruebe el Tribunal Supremo.

B. Queda reservada la facultad del Tribunal Supremo para tomar las medidas que sean necesarias para atender situaciones no previstas por estas reglas.

Regla 43. Disposiciones Supletorias

A. En lo no provisto en estas reglas o en cualesquiera otras reglas y reglamentos aplicables, el Juez Presidente o la Jueza Presidenta, o por delegación de éste o ésta, el Director Administrativo o la Directora Administrativa de los Tribunales, dictará las órdenes y reglas de aplicación general que sean necesarias para el mejor funcionamiento del sistema. Los Jueces Administradores y las Juezas Administradoras de las Regiones Judiciales y los Jueces Administradores y las Juezas Administradoras Auxiliares harán lo propio con respecto a sus regiones y salas correspondientes, tomando las providencias necesarias para asegurar, en lo posible, el funcionamiento uniforme del sistema, debiéndose notificar dentro de los siguientes diez (10) días de ello con copia al Director Administrativo o a la Directora Administrativa de los Tribunales.

B. Respecto a cualquier asunto relacionado con la administración del personal del Tribunal de Primera Instancia, estas reglas se considerarán supletorias a las Reglas y al Reglamento de Administración del Sistema de Personal de la Rama Judicial.

Regla 44. Obligatoriedad de las Reglas

Estas reglas serán de carácter obligatorio para todos los componentes del Tribunal de Primera Instancia. El Juez Presidente o la Jueza Presidenta y el Director Administrativo o la Directora Administrativa de los Tribunales deberán asegurarse del fiel y cabal cumplimiento con estas reglas.

Regla 45. Vigencia

Estas reglas comenzarán a regir el 1 de septiembre de 1999 y una vez en vigor derogarán las reglas anteriores del 23 de mayo de 1975, aprobadas por el Tribunal Supremo.